## State of Vermont
## Superior Court—Environmental Division

=====================================================================
## E N T R Y   R E G A R D I N G   M O T I O N
=====================================================================

**In re Toor & Toor Living Trust NOV**       **Docket No. 18-1-10 Vtec**
**(Appeal from Town of Grand Isle Development**
**Review Board determination)**

Title: Motion for Attorney's Fees (Filing No. 3)
      Motion to Strike (Filing No. 4)
Filed: November 30, 2010 (Filing No. 3)
      December 28, 2010 (Filing No. 4)
Filed By: John H. Klesch, Attorney for Appellee Town of Grand Isle

Response in Opposition to Filing No. 3 filed on 12/15/10 by Thomas F. Heilman,
      Attorney for Appellants John and Margaret Toor
Reply for Filing No. 3 filed on 12/20/10 by John H. Klesch, Attorney for Appellee Town

___ Granted       _X_ Denied       ___ Other

Before the Court is a motion filed by the Town of Grand Isle ("Town") seeking an order directing partial reimbursement of the attorney's fees incurred by the Town in association with an appeal of a Notice of Violation issued by the Town against Appellants John and Margaret Toor, co-trustees of the Toor Living Trust ("Appellants"). The Town has also filed a motion to strike a memorandum filed by Appellants that supplements their original response memorandum to the Town's motion for attorney's fees. By this second pending motion, the Town asks that the Court disregard Appellants' supplemental memorandum. For the reasons stated below, we **DENY** both of the Town's pending motions.

We turn first to the motion to strike as its resolution affects what information this Court will consider when determining whether to grant the Town's motion for attorney's fees. The substantive questions Appellants have raised in their appeal are addressed in a separate Decision that accompanies this Entry Order.

Under V.R.C.P. 78, any party opposed to a motion is granted the ability to file a memorandum in opposition within 15 days after receiving service of that motion. See also V.R.E.C.P. 5(a)(2) (incorporating the Vermont Rules of Civil Procedure into our procedural rules for appeals of appropriate municipal panel decisions). Rule 78 also expressly permits any party to file a reply to an opposition memorandum within 10 days after receiving service of such memorandum. While there is no reference in V.R.C.P. 78 to documents supplementing the opposition or reply memoranda, it is within the discretion of the Court to determine whether to consider such supplemental filings; the Court is not prohibited from considering them.

Here, the Town filed its motion for attorney's fees on November 30, 2010. Appellants subsequently filed a memorandum in opposition on December 15, 2010, and

the Town responded with a reply memorandum on December 20, 2010. Appellants followed up with a supplemental memorandum on December 27, 2010.

We see no harm to the Town or any of the interested parties in this appeal in considering Appellant's supplemental memorandum, particularly since the Town has not put forth any evidence of undue prejudice, and consideration of the supplemental memorandum does not delay the Court's ability to respond to the Town's motion for attorney's fees. Therefore, we **DENY** the Town's motion to strike Appellant's supplemental memorandum.

Turning to consideration of the Town's motion for attorney's fees, we first note that Vermont prescribes to the American rule in relation to the reimbursement of attorney's fees. That is, each party is responsible for its own attorney's fees unless there is a statute or agreement between the parties authorizing an award of reimbursement of attorney's fees. See, e.g., Grice v. Vt. Elec. Power Co., 2008 VT 64, ¶ 29, 184 Vt. 132. Courts can deviate from the American rule "but 'only in exceptional cases and for dominating reasons of justice.'" See Monahan v. GMAC Mortgage Corp., 2005 VT 110, ¶ 76, 179 Vt. 167 (quoting Sprague v. Ticonic Nat'l Bank, 307 U.S. 161, 167 (1939)).

Here, the Town seeks receipt of attorney's fees as reimbursement for the time the Town's attorney spent drafting a joint statement of undisputed material facts. The Town alleges that Appellants neither made a bona fide good-faith attempt to reach agreement on a joint statement nor notified the Town when they determined they could not participate in such an effort. (See Mot. for Att'y's Fees, filed Nov. 30, 2010). The Town argues that this behavior violates the Court's pretrial Scheduling Order of July 27, 2010 and that, consequently, the Court has authority under V.R.C.P. 16.2 to require Appellants to reimburse the Town for its attorney's fees as a type of sanction.

Rule 16.2 grants the Court authority to impose specific sanctions if a party fails to obey a scheduling order. V.R.C.P. 16.2 ("When a party fails to obey a scheduling order, the court may impose the sanctions provided in Rule 37(b)(2)(B) or (C) . . . ."); See V.R.C.P. 37(b)(2)(B), (C). Unlike in Rule 16 of the Federal Rules of Civil Procedure, there is no reference to attorney's fees in Vermont's Rule 16.2. Compare V.R.C.P. 16.2 with Fed R. Civ. P. 16(f). Additionally, V.R.C.P. 16.2's restrictive incorporation of only some of the sanctions discussed in V.R.C.P. 37(b)(2) implies that the ability to require payment of attorney's fees that is discussed in V.R.C.P. 37(b)(2) was considered and rejected in the formulation of procedural rules on non-compliance with scheduling orders. See V.R.C.P. 37(b)(2)(B), (C).

We do not read Rule 16.2 to provide a statutory grant of authority to impose attorney's fees solely for non-compliance with a schedule order, but even if we were to accept the Town's argument on this point, there is no non-compliance here. The Court's Scheduling Order of July 27, 2010 was not disobeyed. The Scheduling Order did not oblige the parties to agree to a joint statement of undisputed material facts and did not dictate how the parties were to interact; instead, it simply required the parties to endeavor to file a joint statement. The Order expressly stated that if the parties could not agree, they could file separate statements of undisputed facts. For these two reasons—while we find it regrettable that Appellants' and their attorney's actions did not evidence a more cooperative spirit—we conclude that the Scheduling Order was not violated and that therefore none of the possible sanctions allowed under Rule 16.2, regardless of whether they include attorney's fees, apply here.

This Court does have inherent authority to impose attorney's fees; however, such authority is greatly restricted and only available in truly exceptional circumstances. See In re Gadhue, 149 Vt. 322, 327–30 (1987) (awarding attorney's fees to cover plaintiff's second lawsuit which she had to file in order to obtain the relief to which her first lawsuit entitled her); Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 143, 150–51 (1992) (upholding a trial court's grant of attorney's fees in a contempt action against parties who evaded service of a temporarily restraining order that restricted their conduct while protesting outside a women's health clinic and who knowingly violated the order). Absent exceptional circumstances, the American Rule applies, thereby disallowing an award of attorney's fees. See Galkin v. Town of Chester, 168 Vt. 82, 91 (1998).

The alleged behavior of Appellants of which the Town complains—failing to communicate with the Town—while regrettable and not sanctioned by this Court, does not rise to the level of exceptional circumstances warranting the award of attorney's fees. Consequently, we also **DENY** the Town's motion for attorney's fees.

_____          _____January 31, 2011_____
Thomas S. Durkin, Judge                              Date

==================================================================================

Date copies sent to: _____          Clerk's Initials _____

Copies sent to:

Thomas F. Heilman, Attorney for Appellants John and Margaret Toor

John H. Klesch, Attorney for Appellee Town of Grand Isle

Christopher D. Roy, Attorney for Interested Persons Point Farm Landowners Assoc.; Thomas and Jeanne Jagielsk; Zave Aberman; Bill and Helen Walsh; David DeSarno; Estate of Barbara Irwin; Charles and Luisa Finberg; Tonya and Michael Placke; and Joan Wheeler